David W. Lively (State Bar No. 83642)
Jennifer S. Coleman (State Bar No. 213210)
HOPKINS & CARLEY
A Law Corporation
The Letitia Building
70 S. First Street
San Jose, CA 95113-2406

*mailing address:*
P.O. Box 1469
San Jose, CA 95109-1469
Telephone: (408) 286-9800
Facsimile: (408) 998-4790

Attorneys for Creditor John Dariano, Trustee of the
John Dariano 1992 Trust, Dated November 12, 1992

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br>JAMES M. LIQUORI DBA SIGNATURE PROPERTIES,<br><br>Debtor. | CASE NO. 10-55627 RLE<br><br>CHAPTER 7<br><br>**Adversary Proceeding No.** _____ |
| JOHN DARIANO, TRUSTEE OF THE JOHN DARIANO 1992 TRUST, DATED NOVEMBER 12, 1992,<br><br>Plaintiff,<br><br>v.<br><br>JAMES M. LIQUORI DBA SIGNATURE PROPERTIES,<br><br>Defendant. | **COMPLAINT FOR DETERMINATION OF DISCHARGEABILITY OF DEBTS**<br><br>[11 U.S.C. §§ 523(a)(2)(A), 523(a)(2)(B), 523(a)(4), and Constructive and Actual Fraud] |

Plaintiff, John Dariano, Trustee of the John Dariano 1992 Trust, dated November 12, 1992 ("Plaintiff" or "Dariano"), alleges:

**JURISDICTION**

1. This adversary proceeding is one arising out of Debtor's Case No. 10-55627-RLE under Chapter 7 of Title 11 of the United States Code, now pending before this Court.

2. This Complaint initiates an adversary proceeding as contemplated by Rule 7001(6) of the Federal Rules of Bankruptcy Procedure.

3. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. sections 151, 157 and 1334, in addition to Bankruptcy Local Rule 5011-1.

4. Claims for Relief I-IV of this adversary proceeding are core proceedings under 28 U.S.C. section 157(b)(2)(I) and (J).

5. Claim for Relief V of this adversary proceeding is a non-core proceeding over which this Court has jurisdiction pursuant to 28 U.S.C. Section 1334 in that the proceedings are related to the above-entitled bankruptcy proceeding. Accordingly, this Court has authority to hear and determine the dispute at issue and grant the relief requested, and Dariano consents to the entry of a final order in this proceeding by the bankruptcy court judge.

**PARTIES**

6. Dariano is, and at all times mentioned herein was, a resident of Santa Clara County, California.

7. James M. Liquori dba Signature Properties ("Defendant" or "Debtor") is, and at all times herein mentioned was acting as a real estate broker duly licensed by the State of California, and at all times mentioned herein was doing business as Signature Properties.

8. Dariano is informed and believes and thereon alleges that Debtor resides at 4113 Ashbrook Cr., San Jose, CA 95124.

9. The Debtor filed his bankruptcy petition on May 28, 2010.

10. The Debtor is an individual debtor seeking discharge of the debt upon which Dariano claims Debtor is liable.

11. Dariano brings this action as a creditor of Debtor.

**FACTUAL BACKGROUND**

12. In or about 2006, Dariano started investing in loans brokered by Debtor. Dariano was introduced to Debtor by a mutual friend and investor with Debtor.

13. Debtor represented to Dariano that he had been brokering second deeds of trust for many years and that all notes and deeds of trust brokered by the Debtor were adequately secured and safe investments.

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE

14. Dariano was informed and believes and thereon alleges that Debtor, as part of his real estate loan brokerage business, would place loans with third parties and initially place the note and deed of trust in the name of Signature Properties.

15. Dariano is further informed and believes and thereon alleges that Debtor charged the initial borrowers fees and other costs in connection with those transactions.

16. Dariano is further informed and believes and thereon alleges that these loans were made for the express purpose of resale or assignment to third parties such as Dariano.

17. In or about the summer of 2008, based on representations made by Debtor, Dariano agreed to make a loan ("Gusich Loan") to Joseph A. Gusich ("Gusich") in connection with a property on Thelma Street in San Leandro, California ("Thelma Street Property"). A true and correct copy of the unexecuted Gusich Straight Note is attached hereto as **Exhibit A**.

18. The Straight Note expressly states that it is secured by a second deed of trust on the Thelma Street Property.

19. On March 18, 2008, Dariano wrote a check to Signature Properties in the amount of $139,200 for, among other loans purchased from Debtor, the Gusich Loan ("Gusich Loan Check"). A true and correct copy of the Gusich Loan Check is attached hereto as **Exhibit B**.

20. Debtor, in his capacity as a broker, sent a Statement to Dariano memorializing Dariano's purchase of the Gusich Loan, and that interest had been prepaid for the first year of the loan's two year term. A true and correct copy of the Statement is attached hereto as **Exhibit C**.

21. Debtor represented that the Gusich Loan would be secured by a second deed of trust on the Thelma Street Property and that Signature Properties was the beneficiary of the note and second deed of trust.

22. Based upon Debtor's representations, Dariano agreed to purchase the Gusich Loan from Debtor and tendered his funds to Dariano.

23. On or about June 10, 2008, Debtor informed Dariano that the Gusich Loan had not yet been finalized ("June 10th Correspondence"). A true and correct copy of the June 10th Correspondence is attached hereto as **Exhibit D**.

Case: 10-05243   Doc# 1   Filed: 07/14/10   Entered: 07/14/10 13:18:05   Page 3 of 11

24. The June 10th Correspondence also stated that "[Debtor has] assigned the Fairbanks loan package to [Dariano]….I want to keep your money 'working.'"

25. Debtor assigned the Fairbanks loan package in the amount of $50,000 without Dariano's knowledge or consent ("Fairbanks Loan"). True and correct copies of the Fairbanks Straight Note and Deed of Trust with Assignment of Rents are attached hereto as **Exhibit E and F**.

26. Dariano had previously turned down the prospect of purchasing the Fairbanks Loan from Debtor because the Douglas Road Property was outside of the local area.

27. According to the paperwork of the Fairbanks Loan provided by Debtor to Dariano, the $50,000 loan was a loan to Brandon Fairbanks in connection with that certain real property more particularly described as APN 054-490-051 and commonly referred to as 36188 Douglas Road North, Coarsegold, California ("Douglas Road Property").

28. Dariano is informed and believes and thereon alleges that while he was purportedly assigned the Fairbanks Loan and a second deed of trust on the Douglas Road Property, despite previously having turned it down, a preliminary title report from Chicago Title Company dated as of June 17, 2009 does not show any ownership or security interest of Dariano in the Douglas Road Property. A true and correct copy of the preliminary title report is attached hereto as **Exhibit G**.

29. Dariano later discovered that the deed of trust securing the Fairbanks Loan was assigned by Signature Properties to Chris Arata and Shelene Arata on or about March 27, 2008, three months prior to the purported assignment of the Fairbanks Loan to Dariano.

30. Dariano is further informed and believes, and on that basis alleges, that at the time Debtor approached Dariano to purchase the Gusich Loan he intended to keep the funds used to purchase the Gusich Loan and not apply those funds to the represented purchase, but did not disclose his intent to Dariano.

31. Dariano is further informed and believes, and on that basis alleges, that at the time Debtor assigned the Fairbanks Loan to Dariano, he intended to keep the funds paid by Dariano for

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE

the Gusich Loan instead of applying them to the purchase of the Fairbanks Loan, but did not disclose his intent to Dariano at the time of the assignment.

32. On July 23, 2009, Dariano filed a Complaint for (1) Negligence; (2) Negligence Per Se; (3) Fraud; (4) Constructive Fraud; (5) Breach of Fiduciary Duty; (6) Constructive Trust; (7) Fraudulent Transfer in the Superior Court for the State of California, County of Santa Clara ("State Court Complaint"), styled *John Dariano, Trustee of the John Dariano 1992 Trust, Dated November 12, 1992 v. James M. Liquori, individually and James M. Liquori dba Signature Properties*, Case No. 109CV148125 ("State Court Action"). A true and correct copy of the State Court Complaint is attached hereto as **Exhibit H**.

33. The State Court Action was scheduled for trial on August 30, 2010 at 8:45 a.m. in Department 3 of the Santa Clara County Superior Court.

34. On December 14, 2009, Dariano filed a Complaint Form in the Real Estate Fraud Unit of the District Attorney's Office of Santa Clara County regarding the circumstances surrounding the Wales Loan. A true and correct copy of the Complaint Form is attached hereto as **Exhibit I**.

**FIRST CLAIM FOR RELIEF**
**(For Money Obtained By False Pretenses,**
**False Representation and Actual Fraud)**
**11 U.S.C. §523(a)(2)(A)**

35. Dariano realleges and incorporates by reference the allegations set forth in numbered paragraphs 1 through 34, inclusive.

36. Through the misrepresentations and actions described above, Debtor obtained and retained money from Dariano through false representations, false pretenses and actual fraud.

37. When Debtor made the false statements and representations to Dariano, he knew they were false.

38. When Debtor made the false statements and representations to Dariano, he intended to deceive Dariano into purchasing the Gusich Loan and subsequently the Fairbanks Loan.

626\700796.1

- 5 -

39. Dariano justifiably relied upon Debtor's false statements and representations to his detriment in that he believed that Debtor's representations regarding the Gusich Loan and Fairbanks Loan to be true.

40. Had Dariano known the actual facts, he would not have attempted to purchase the Gusich from Debtor.

41. Had Debtor known the actual facts, he also would not have allowed Debtor to assign him the Fairbanks Loan.

42. As a proximate result of Debtor's false statements and representations, Dariano has suffered actual damages in an amount no less than $50,000 to be proven at trial.

43. The aforementioned conduct of the Debtor was an intentional misrepresentation, deceit or concealment of material facts known to Debtor with the intention on the part of Debtor of thereby depriving Dariano of his property so as to justify an award of exemplary or punitive damages.

44. The debt to Dariano in the amount of $50,000 is non-dischargeable pursuant to 11 U.S.C. §523(a)(2)(A).

WHEREFORE, Dariano prays for relief as hereinafter set forth.

### SECOND CLAIM FOR RELIEF
**(For Use of False Statement in Writing)**
**11 U.S.C. §523(a)(2)(B)**

45. Dariano realleges and incorporates by reference the allegations set forth in numbered paragraphs 1 through 44, inclusive.

46. Debtor represented to Dariano in writing, as evidenced by the Gusich Loan Straight Note and deed of trust on the Thelma Street Property, that indicated the deed of trust on the Thelma Street Property securing the Gusich Loan, when recorded, would be in second position to induce Darianio to purchase the Gusich Loan.

47. Debtor represented to Dariano in writing, as evidenced by the Fairbanks Loan Straight Note and deed of trust on the Douglas Road Property, that indicated the deed of trust on the Douglas Road Property securing the Fairbanks Loan, when recorded, would be in second position to induce Dariano to purchase the Fairbanks Loan.

48. Debtor's representations were materially false in that Debtor knew that the deed of trust securing the Fairbanks Loan would not be in second position.

49. Debtor's representations that the deed of trust securing the Fairbanks Loan, when recorded, would be in second position, were intended to deceive and defraud Dariano, and to induce Dariano to act in reliance on these representations through the purchase of the Wales Loan.

50. Dariano relied on Debtor's aforementioned statements in the purchase of the Gusich Loan, causing Dariano to suffer damages in an amount no less than $50,000.

51. Dariano relied on Debtor's aforementioned statements in the purchase of the Fairbanks Loan, causing Dariano to suffer damages in an amount no less than $50,000.

52. Dariano's reliance on the Debtor's aforementioned representations in purchasing the Gusich Loan was reasonable.

53. Dariano's reliance on the Debtor's aforementioned representations in purchasing the Fairbanks Loan was reasonable

54. Dariano, at the time these representations were made by Debtor and at the time Dariano took the actions herein alleged, was ignorant of the falsity of Debtor's representations and believed them to be true.

55. Had Dariano known the actual facts, he would not have purchased the Gusich Loan from Debtor.

56. Had Dariano known the actual facts, he would not have purchased the Fairbanks Loan from Debtor.

57. As a proximate result of Debtor's false statements and representations, Dariano has suffered actual damages in an amount no less than $50,000 to be proven at trial.

58. The aforementioned conduct of the Debtor was an intentional misrepresentation, deceit or concealment of material facts known to the Debtor with the intention on the part of the Debtor of thereby depriving Dariano of his property so as to justify an award of exemplary or punitive damages.

59. The debt to Dariano in the amount of $50,000 is non-dischargeable pursuant to 11 U.S.C. §523(a)(2)(B).

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE

626\700796.1 - 7 -
COMPLAINT FOR DETERMINATION OF DISCHARGEABILITY OF DEBTS CASE NO. 10-55527

Case: 10-05243 Doc# 1 Filed: 07/14/10 Entered: 07/14/10 13:18:05 Page 7 of 11

WHEREFORE, Dariano prays for relief as hereinafter set forth.

## THIRD CLAIM FOR RELIEF
### (Fraud or Defalcation While Acting As Fiduciary)
### 11 U.S.C. §523(a)(4)

60. Dariano realleges and incorporates by reference the allegations set forth in numbered paragraphs 1 through 59, inclusive.

61. Through the misrepresentations and actions described above, Debtor obtained and retained money from Dariano through false representations, false pretenses and actual fraud.

62. When Debtor made the false statements and representations to Dariano, he knew they were false.

63. When Debtor made the false statements and representations to Dariano, he intended to deceive Dariano into purchasing the Gusich Loan.

64. When Debtor made the false statements and representations to Dariano, he intended to deceive Dariano into purchasing the Fairbanks Loan.

65. Dariano justifiably relied upon Debtor's false statements and representations to his detriment in that he believed that Debtor's representations regarding the Gusich Loan Straight Note and deed of trust on the Thelma Street Property to be true.

66. Dariano justifiably relied upon Debtor's false statements and representations to his detriment in that he believed that Debtor's representations regarding the Fairbanks Loan Straight Note and deed of trust on the Douglas Road Property to be true.

67. Had Dariano known the actual facts, he would not have attempted to purchased the Gusich Loan from Debtor.

68. Had Dariano known the actual facts, he would not have allowed Debtor to assign him the Fairbanks Loan.

69. Debtor wrongfully breached his fiduciary duty to Dariano by utilizing the funds paid by Dariano to purchase the Gusich Loan for himself and not applying said funds to the purchase of the Gusich Loan, not applying said finds to the purchase of the Fairbanks Loan and failing to provide the deed of trust securing the Douglas Road Property in second position as represented to Dariano.

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE

626\700796.1 - 8 -

COMPLAINT FOR DETERMINATION OF DISCHARGEABILITY OF DEBTS - CASE NO. 10-55627

Case: 10-05243    Doc# 1    Filed: 07/14/10    Entered: 07/14/10 13:18:05    Page 8 of 11

70. As a proximate result of Debtor's false statements and representations, Dariano has suffered actual damages in an amount no less than $50,000 to be proven at trial.

71. The aforementioned conduct of the Debtor was an intentional misrepresentation, deceit or concealment of material facts known to Debtor with the intention on the part of Debtor of thereby depriving Dariano of his property so as to justify an award of exemplary or punitive damages.

72. The debt to Dariano in the amount of $50,000 is non-dischargeable pursuant to 11 U.S.C. §523(a)(4).

WHEREFORE, Dariano prays for relief as hereinafter set forth.

### FOURTH CLAIM FOR RELIEF
**(Embezzlement)**
**11 U.S.C. §523(a)(4)**

73. Dariano realleges and incorporates by reference the allegations set forth in numbered paragraphs 1 through 72, inclusive.

74. Debtor wrongfully and fraudulently appropriated the funds lawfully entrusted to him by Dariano. Debtor did so by keeping the funds delivered by Dariano to purchase the Gusich Loan.

75. Debtor wrongfully and fraudulently appropriated the funds lawfully entrusted to him by Dariano. Debtor did so by keeping the funds delivered by Dariano instead of applying them to the purchase of the Fairbanks Loan owned by Signature Properties instead of using said funds for the purchase of the Fairbanks Loan.

76. As a proximate result of Debtor's embezzlement, Dariano has suffered actual damages in an amount of no less than $50,000 to be proven at trial.

77. The debt to Dariano in the amount of $50,000 is non-dischargeable pursuant to 11 U.S.C. §523(a)(4).

WHEREFORE, Dariano prays for relief as hereinafter set forth.

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE

626\700796.1 - 9 -

COMPLAINT FOR DETERMINATION OF DISCHARGEABILITY OF DEBTS CASE NO. 10-55527

Case: 10-05243   Doc# 1   Filed: 07/14/10   Entered: 07/14/10 13:18:05   Page 9 of 11

# FIFTH CLAIM FOR RELIEF
(Constructive and Actual Fraud)

78. Dariano realleges and incorporates by reference the allegations set forth in numbered paragraphs 1 through 77, inclusive.

79. By virtue of the conduct alleged above, Debtor committed constructive and/or actual fraud against Dariano by committing the acts set forth in paragraphs 12-34 above.

80. Debtor's representations were false as alleged above.

81. Dariano reasonably relied on Debtor's representations and concealments to his detriment, in that he believed Debtor's representations regarding the Gusich Loan Straight Note and the deed of trust secured by the Thelma Street Property to be true.

82. Dariano reasonably relied on Debtor's representations and concealments to his detriment, in that he believed Debtor's representations regarding the Fairbanks Loan Straight Note and the deed of trust secured by the Douglas Road Property to be true.

83. As a proximate result of Debtor's representations, Dariano has suffered actual damages in an amount of no less than $50,000 to be proven at trial.

84. As demonstrated by the course of conduct alleged above, Debtor acted with fraud, oppression, and malice warranting the imposition of punitive damages in an amount to be proven at trial.

WHEREFORE, Dariano prays for relief as hereinafter set forth.

## PRAYER FOR RELIEF:

WHEREFORE, Dariano prays for relief against the Debtor as follows:

1. That the Court determine that the debt owed to Dariano by Debtor in an amount to be proven at trial, but presently known not to be less than $50,000, is fraudulent and nondischargeable;

2. That the Court enter judgment against Debtor and in favor of Dariano in the amount of $50,000, plus interest and attorney fees;

3. That the Court award costs of suit incurred herein;

4. That the Court award punitive and exemplary damages in an amount to be determined at trial; and

5. Such other and further relief as is just and proper.

Dated: July 14, 2010

HOPKINS & CARLEY
A Law Corporation

By: /s/ Jennifer S. Coleman
Jennifer S. Coleman
Attorneys for Plaintiff
JOHN DARIANO, TRUSTEE OF THE
JOHN DARIANO 1992 TRUST, DATED
NOVEMBER 12, 1992

Dated: July 14, 2010

HOPKINS & CARLEY
A Law Corporation

By: /s/ David W. Lively
David W. Lively
Attorneys for Plaintiff
JOHN DARIANO, TRUSTEE OF THE
JOHN DARIANO 1992 TRUST, DATED
NOVEMBER 12, 1992

626\700796.1

- 11 -

COMPLAINT FOR DETERMINATION OF DISCHARGEABILITY OF DEBTS - CASE NO. 10-5627